UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONZO WILLIAMS, et al.,<br><br>Defendants. | Case No. 3:13-cr-00764-WHO-1<br><br>**PRELIMINARY ORDER ON PROPOSED PINKERTON INSTRUCTION**<br><br>Re: Dkt. Nos. 1329, 1426 |

The government charges eleven defendants in a twenty-two count indictment. Second Superseding Indictment (Dkt. No. 139). Count one accuses ten of the defendants of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering; an alleged conspiracy that spanned more than two decades and included "murder, attempted murder, narcotics distribution, assault, robbery, extortion, interstate transportation in aid of racketeering, pimping, pimping of minors, illegal firearms possession, and obstruction of justice by threatening and intimidating witnesses whom they believed to be cooperating with law enforcement and by destroying evidence and providing false information to law enforcement." *Id*. ¶ 4. The RICO conspiracy is the only charged conspiracy.

The parties dispute the propriety of a *Pinkerton* instruction and accompanying reference to it during the government's opening statement. Dkt. No. 1426. The government proposed "as a placeholder" that I instruct the jury on *Pinkerton* liability as follows:

> **Conspiracy—Liability for Substantive Offense Committed by Coconspirator (Pinkerton Charge)**
>
> Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the

law, committed that crime.

Therefore, you may find a defendant guilty of the substantive offenses charged in the Indictment if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the substantive crime charged in the Indictment;
2. the person was a member of a conspiracy charged in the Indictment;
3. the person committed the substantive crime charged in furtherance of a charged conspiracy;
4. the defendant was a member of the same conspiracy at the time the substantive crime was committed; and
5. the substantive offense charged fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

Government's Proposed Jury Instruction No. 45 (Dkt. No. 1329 at 58).

"[D]ue process constrains the application of *Pinkerton* where the relationship between the defendant and the substantive offense is slight." *United States v. Castaneda*, 9 F.3d 761, 766 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000); *United States v. Bingham*, 653 F.3d 983, 997 (9th Cir. 2011)("*Pinkerton* liability is limited by due process and does not reach defendants with extremely minor roles in the conspiracy."). The scope of any *Pinkerton* instruction will be determined after the evidence is in. *See United States v. Heredia,* 483 F.3d 913, 924 (9th Cir. 2007) (assessing the district court's discretion in determining the appropriateness of an instruction given the theories and evidence presented at trial). The present problem is that the government wishes to reference the concept of *Pinkerton* liability in its opening, while the defendants insist that introducing the concept of *Pinkerton* liability at the beginning of a four month trial presents a substantial risk of juror confusion.

Here, the government only *charges* one conspiracy—the overarching RICO conspiracy count. Under the current version of the government's proposed *Pinkerton* instruction, a defendant found to be a member of the overarching RICO conspiracy, at the same time "a person" committed a substantive crime charged in the indictment, would be liable for the substantive offense so long as *the offense* "fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement." The proposed instruction presents the potential to stretch *Pinkerton* liability beyond

2

1 the constraints of due process.

2 During argument on this topic, the government indicated that its intended use of *Pinkerton* liability is much more limited than that allowed for under the instruction. The government represented that it is not going to argue that "everyone who is in the conspiracy is good for everything." Rather, it alluded to two of the charged murders and specified that it is entitled to use *Pinkerton* to assign liability to "folks that were at a minimum participants in these substantive crimes." The potential for *Pinkerton* liability certainly exists, but as the government pointed out, it is premature for me to determine the appropriateness of a *Pinkerton* instruction since we have yet to hear any of the evidence.

The Hon. William H. Alsup did not allow a *Pinkerton* instruction in *United States v. Carcamo*, another complex RICO conspiracy case. Lack of timeliness was a major factor in that decision. But he also identified "overbreadth, a failure to anchor its many permutations in the record and [that it] would complicate this already-complicated case to the breaking point of due process." *United States v. Carcamo*, No. CR 08-0730 WHA, 2011 U.S. Dist. LEXIS 90504, at *12 (N.D. Cal. Aug. 15, 2011). Judge Alsup recognized that *Pinkerton* liability has its limits, as have other courts. *Id*.; *see also United States v. Houston*, 648 F.3d 806, 818 (9th Cir. 2011)(limiting *Pinkerton* instruction in RICO conspiracy case to VICAR murder counts); *Bingham*, 653 F.3d at 998 (affirming district court decision that defendant could be liable for VICAR murders under *Pinkerton* co-conspirator theory); *United States v. Ortiz*, 12-cr-119-SI, Dkt. No. 1319 (rejecting *Pinkerton* instruction in case involving multiple defendants, twenty-six counts, and five charged conspiracies due to potential confusion and speculation).

I mention all of that to lay the groundwork for a future discussion once the evidence is in. But now I return to the present issue, which is whether the government should be permitted to mention *Pinkerton* liability in its opening. It is unclear how the government intends to do so. If the government references the evidence it intends to prove regarding one of the VICAR murders, for example, and says that it intends to show that someone who did not pull the trigger is still liable because of his involvement in the conspiracy, that would be acceptable as long as that theory is not a variance from the Second Superseding Indictment. In this regard, the Second

3

Superseding Indictment asserts that Young murdered Jelvon Helton; if the government's theory is that Young is liable under *Pinkerton* if he was present but not the shooter, there is an issue whether that is a variance from the Second Superseding Indictment. It also obviously would be improper to say that the judge will instruct in any particular way under *Pinkerton* because I will need to consider the evidence and a more nuanced instruction than the government has proposed once the evidence is completed.

In light of this, the government should list the acts/defendants it intends to reference in its opening as having *Pinkerton* liability by Wednesday, November 1 at noon. Defendants may file any comment by Thursday, November 2 at noon, and I will resolve this at the hearing on Friday, November 3, 2017.

**IT IS SO ORDERED.**

Dated: October 30, 2017

William H. Orrick
United States District Judge

4