1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7
UNITED STATES OF AMERICA,                  Case No. 13-cr-00764-WHO-1

8
            Plaintiff and Respondent,

9
        v.                                 **ORDER DENYING MOTION FOR
                                           DISCOVERY OF ATTORNEY CLIENT
10
ADRIAN GORDON,                             COMMUNICATIONS AND WORK
                                           PRODUCT**

11
            Defendant and Petitioner.      Re: Dkt. No. 2586

12

13
        Defendant Adrian Gordon, proceeding *pro se*, filed a habeas petition to vacate, set aside, or

14
correct his federal sentence pursuant to 28 U.S.C. § 2255, asserting, among other things,

15
ineffective assistance of trial and appellate counsel.  Motion to Vacate Under 28 U.S.C. § 2255

16
("Habeas Petition") [Dkt. No. 2582].  ON February 23, 2024, I ordered the government to respond

17
to Gordon's habeas petition.  Dkt. No. 2584.   It did not.  Instead, it filed a motion seeking

18
discovery into materials covered by attorney-client privilege and into attorney work product.  *See*

19
U.S. Motion for Discovery of Attorney Client Communications and Work Product ("Discovery

20
Motion") [Dkt. No. 2586].  The government's motion is DENIED without prejudice.  The

21
government shall answer Gordon's habeas petition within fifteen days.

22
                                    **BACKGROUND**

23
        Gordon was charged with and convicted of Racketeering Conspiracy (18 U.S.C. §

24
1962(d)), Attempted Murder in Aid of Racketeering of Victim 3 (18 U.S.C. § 1959(a)(5)), Assault

25
with a Dangerous Weapon of Victim 3 (18 U.S.C. § 1959(a)(3)), and Use/Possession/Discharge of

26
a Firearm in Furtherance of a Crime (18 U.S.C. § 924(c)(1)(A)).  On June 29, 2018, I sentenced

27
him to 324 months' imprisonment and five years' supervised release.

28
        Gordon claims that trial counsel was constitutionally deficient in that she failed to review

United States District Court
Northern District of California

United States District Court
Northern District of California

discovery materials and failed to investigate his alibi for the murder of Donte Levexier.  *See* Habeas Petition, 7-10.  No defendant was charged with the Levexier murder, but the killing was introduced as relevant enterprise evidence.  *Id.* 10.  Gordon claims that this evidence had a "staggering impact" on his conviction."  *Id.*  He also asserts that trial counsel was constitutionally ineffective because she did not prepare and file a motion in limine seeking to exclude any mention of Gordon as a potential suspect in the Levexier murder.  Finally, he claims that the Supreme Court's decisions in *United States v. Taylor*, 596 U.S. 845 (2022), and *United States v. Borden*, 593 U.S. 420 (2021), make him actually innocent of Count Eleven, and that his appellate counsel was ineffective in failing to raise *Taylor* or *Borden* claims in his opening brief on appeal.

After Gordon filed his § 2255 petition, I ordered the government to respond to the petition within 60 days.  Dkt. No. 2584.  The government did not do so.  Instead, it filed a motion seeking leave to conduct discovery into materials protected by the attorney-client privilege.  *See* Discovery Motion. The government argues that because Gordon has put the competence of trial counsel at issue, "he has waived any privilege with respect to his communications with counsel and with respect to counsel's work product." Discovery Motion 2:7-12.  In the same motion, the government offered Gordon the option of preserving his attorney-client privilege by withdrawing his ineffective assistance of counsel claims.  *Id.* 2:10-12.

In response, Gordon declined to withdraw his ineffective assistance of counsel claims.  Reply [Dkt. No. 2592].  He acknowledged that these claims open the door for the government to conduct discovery into materials otherwise protected by the attorney-client privilege.  *Id.*  But he "vigorously opposes" what he refers to as a "one-sided fishing expedition proposed by the United States under the guise of 'discovery.'" *Id.* at 2.

## DISCUSSION

### I.     ANSWER

The rules governing federal habeas petitions provide that the respondent is not required to answer the petition unless a judge so orders.  Rules Governing Section 2254 and 2255 Cases, Rule 5 (The Answer and the Reply).  Rule 5 provides that the answer "must address the allegations in the petition . . . [and] it must state whether any claim in the petition is barred by a failure to

1   exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." *Id.*

2        The government's discovery motion is not a substitute for answering.  What the

3   government includes in its answer may affect how Gordon wishes to proceed with his claims,

4   which would in turn inform how the government is able to proceed with discovery.  I ORDER it to

5   answer the petition within fifteen days.

6   **II.    DISCOVERY**

7        I DENY the government's discovery motion without prejudice.  After the government

8   answers, it may renew its discovery motion after considering the discussion in this section.  Given

9   the nature of Gordon's habeas claims, it is likely that some discovery into the privileged matters is

10  appropriate.  "It has long been the rule in the federal courts that, where a habeas petitioner raises a

11  claim of ineffective assistance of counsel, he waives the attorney client privilege as to all

12  communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716

13  (9th Cir. 2003).  This rule "applies equally to the work product privilege, a complementary rule

14  that protects many of the same interests." *Id.* at 722, n.6.  This is to prevent the moving party from

15  using the privilege as both "a shield and a sword." *Id.* at 719.

16       However, this waiver is not without limit.  "[T]he court must impose a waiver no broader

17  than needed to ensure the fairness of the proceedings before it.  Because a waiver is required so as

18  to be fair to the opposing side, the rationale [of this rule] only supports a waiver broad enough to

19  serve that purpose. Courts . . . that have imposed waivers under the fairness principle have

20  therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating

21  the claim in question." *Id.* at 720.

22       The government asks that I order production from trial counsel, counsel on appeal, and

23  Gordon, of: "All notes, reports, memoranda, emails, voice messages, text messages, and other

24  documents" relating to

            (1) "the murder of Donte Levexier";
25          (2) "potential alibi defenses to any claim that the defendant was
            responsible for the murder of Donte Levexier";
26          (3) "trial counsel's theory of the defense, including defenses other
            than that the defendant was not responsible for the murder of Donte
27          Levexier";
            (4) "motions in limine for the defendant's trial"; and
28          (5) "potential legal challenges to Count Eleven, use of a firearm in

3

connection with a crime of violence, either in the district court or on appeal."

*See* Discovery Motion 3.  It also asks that I order trial counsel and appellate counsel to appear for depositions regarding Gordon's ineffective assistance of counsel claims.  *Id.*

The Ninth Circuit has warned against allowing a defendant to have unfettered access to a moving party's protected information.  *See Bittaker*, 331 F.3d at 720 ("the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.").  As the party asserting ineffective assistance of counsel in support of his habeas claim, Gordon need only reveal information "for which [the government] [has] shown a true need and without which [it] may be unfairly prejudiced in [its] defense." *Id.* at 720-21 (quoting *Greater Newburyport Clamshell Alliance v. Pub. Serv. Co.*, 838 F.2d 13, 22 (1st Cir. 1988)).

When it renews its motion, the government should justify each discovery request to ensure that it does not exceed the scope necessary for it to litigate its defense.  If the discovery provides good cause to amend the answer, I will allow the government to do so.

**CONCLUSION**

The discovery motion is DENIED without prejudice.  The government is ORDERED to answer Gordon's petition within fifteen days of the date of this order.  After filing its answer, the government may refile its discovery motion as discussed above.

**IT IS SO ORDERED.**

Dated: June 13, 2024

William H. Orrick
United States District Judge